1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

MICHAEL DAVID FLEMING,

                                      Plaintiff,

        v.

UNITED STATES AIR FORCE,

                                      Defendant.

CASE NO: 10-CV-1213 W NLS

**ORDER DENYING (1) MOTION TO PROCEED *IN FORMA PAUPERIS* (DOC. 3) AND (2) MOTION FOR APPOINTMENT OF COUNSEL (DOC. 2)**

        On June 7, 2010, Plaintiff Michael David Fleming commenced this action against the United States Air Force.  Along with the Complaint, Plaintiff also filed a motion to proceed *in forma pauperis* ("IFP"), and a motion for appointment of counsel.

        For the reasons outlined below, the Court **DENIES WITHOUT PREJUDICE** Plaintiff's IFP motion (Doc. 3), and **DENIES AS MOOT** the motion to appoint counsel (Doc. 2).

## I.    PLAINTIFF'S IFP MOTION.

        The determination of indigency falls within the district court's discretion. California Men's Colony v. Rowland, 939 F.2d 854, 858 (9th Cir. 1991), *reversed on other grounds*, 506 U.S. 194 (1993) ("Section 1915 typically requires the reviewing court

1   to exercise its sound discretion in determining whether the affiant has satisfied the
2   statute's requirement of indigency.").

3       It is well-settled that a party need not be completely destitute to proceed *in forma*
4   *pauperis.* Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 339-40 (1948). To
5   satisfy the requirements of 28 U.S.C. § 1915(a), "an affidavit [of poverty] is sufficient
6   which states that one cannot because of his poverty pay or give security for costs ... and
7   still be able to provide himself and dependents with the necessities of life." Id. at 339.
8   At the same time, however, "the same even-handed care must be employed to assure
9   that federal funds are not squandered to underwrite, at public expense, ... the
10  remonstrances of a suitor who is financially able, in whole or in material part, to pull his
11  own oar." Temple v. Ellerthorpe, 586 F.Supp. 848, 850 (D.R.I. 1984).

12      District courts, therefore, tend to reject IFP applications where the applicant can
13  pay the filing fee with acceptable sacrifice to other expenses. See, e.g., Stehouwer v.
14  Hennessey, 851 F.Supp. 316, (N.D.Cal. 1994), *vacated in part on other grounds,* Olivares
15  v. Marshall, 59 F.3d 109 (9th Cir. 1995) (finding that district court did not abuse
16  discretion in requiring partial fee payment from prisoner with $14.61 monthly salary and
17  $110 per month from family); Allen v. Kelly, 1995 WL 396860 at *2 (N.D. Cal. 1995)
18  (Plaintiff initially permitted to proceed in forma pauperis, later required to pay $120
19  filing fee out of $900 settlement proceeds); Ali v. Cuyler, 547 F.Supp. 129, 130 (E.D.
20  Pa. 1982) (in forma pauperis application denied: "plaintiff possessed savings of $450 and
21  the magistrate correctly determined that this amount was more than sufficient to allow
22  the plaintiff to pay the filing fee in this action."). Moreover, the facts as to the affiant's
23  poverty must be stated "with some particularity, definiteness, and certainty." United
24  States v. McQuade, 647 F.2d 938, 940 (9th Cir. 1981).

25      Having read and considered the papers submitted, the Court finds Plaintiff has
26  failed to meet the requirements for IFP status under 28 U.S.C. § 1915 because he has
27  not completed several required portions of the IFP application. For instance, Plaintiff
28  has indicated that he is self employed, but failed to state both his business, as well as the

1  amount of his take-home salary or wages. (*IFP Mot.* [Doc. No. 3], at ¶ 2(a).)  Plaintiff

2  has also failed to state the date of his last employment (*Id.* at ¶ 2(b)), and has failed to

3  indicate the amount of money he has received over the past twelve months in the form

4  of gifts. (*Id.* at ¶ 3.)  Lastly, Plaintiff has stated that he owes debts to certain creditors,

5  but has failed to indicate the amounts owed. (*Id.* at ¶ 9.)  Based on these deficiencies,

6  the Court finds that Plaintiff has not stated the facts as to his poverty  with sufficient

7  "particularity, definiteness, and certainty." <u>McQuade</u>, 647 F.2d at 940.  As such, the

8  Court finds that Plaintiff is not entitled to proceed IFP.

9

10  **II.   <u>S</u>UA <u>S</u>PONTE <u>R</u>EVIEW OF THE <u>C</u>OMPLAINT.**

11        When a complaint is written by a <u>pro se</u> litigant, as here, pleading rules are

12  relaxed and the complaint is held to a less stringent standard.  <u>Karim-Panahi v. Los</u>

13  <u>Angeles Police Dep't.</u>, 839 F.2d 621, 623 (9th Cir. 1988); <u>Eldridge v. Block</u>, 832 F.2d

14  1132, 1136 (9th Cir. 1987).  It is equally settled, however, that "[a] trial court may act

15  on its own initiative to note the inadequacy of a complaint and dismiss it for failure to

16  state a claim." <u>Wong v. Bell</u>, 642 F.2d 359, 361 (9th Cir. 1981); <u>Sparling v. Hoffman</u>

17  <u>Const. Co., Inc.</u>, 864 F.2d 635, 638 (9th Cir. 1988); <u>Barsella v. United States</u>, 135

18  F.R.D. 64, 66 (S.D.N.Y. 1991) (policy requiring courts to liberally construe <u>pro se</u>

19  complaints "does not mandate that a court sustain every <u>pro se</u> complaint even if it is

20  incoherent, rambling, and unreadable").

21        Additionally, Federal Rule of Civil Procedure 8(a)(2) requires a complaint to set

22  forth "(1) a short and plaint statement of the grounds for the court's jurisdiction...; [¶]

23  (2) ... the claim showing that the pleader is entitled to relief; and [¶] (3) a demand for

24  the relief sought...."  The Rule also requires that each claim be "simple, concise, and

25  direct." Fed. R. Civ. P. 8(e)(2).  These rules ensure that a complaint gives fair notice

26  to defendants and states the elements of the claim plainly and succinctly.  <u>Jones v.</u>

27  <u>Community Redevelopment Agency of City of Los Angeles</u>, 733 F.2d 646, 649 (9th Cir.

28  1984).   Where a complaint contains nothing more than conclusory allegations,

1  unsupported by facts, it fails to comply with Rule 8.  <u>Sherman v. Yakahi</u>, 549 F.2d 1287,

2  1290 (9th Cir. 1977).

3        Here, although the Complaint is concise – comprised of a single paragraph –

4  Plaintiff has failed to identify the basis for the Court's jurisdiction, as well as the laws the

5  Defendant is alleged to have violated.  The Complaint simply alleges that  Air Force jets

6  are spraying a mix of barium, aluminum and "other ingredients" as part of a "program

7  called 'Stratus-pheric Aerosol Geo-engineering,' which is now said to be used for 'global

8  warming.'" (*Compl.*, p.1.)  This allegation does not provide notice to Defendant

9  regarding the law(s) allegedly violated, the damage(s) Plaintiff allegedly sustained, or

10  why jurisdiction and venue are appropriate in this Court.

11

12  **III.   <u>CONCLUSION & ORDER.</u>**

13        For the foregoing reasons, the Court **DENIES WITHOUT PREJUDICE**

14  Plaintiff's motion to proceed IFP (Doc. 3) and **DISMISSES** the Complaint with leave

15  to amend.  Plaintiff shall have until **<u>August 6, 2010</u>** to reinstate this case by (1) paying

16  the $350 filing fee <u>or</u> submitting an amended IFP motion, **and** (2) filing a First Amended

17  Complaint.  Plaintiff is advised that failure to meet either of these requirements may

18  cause the termination of his case without further leave to amend.  Additionally, Plaintiff

19  is further cautioned that the First Amended Complaint should address the deficiencies

20  discussed above that exist in the current Complaint.

21        In light of the foregoing, Plaintiff's motion to appoint counsel is **DENIED** as moot

22  (Doc. 2).

23        **IT IS SO ORDERED.**

24

25  DATED:  July 7, 2010

26

27                                          Hon. Thomas J. Whelan
                                            United States District Judge

28